Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
12/2/2020 9:35 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

11323135

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

NIKOLAY PETKOV, )
 )
 Plaintiff, )
 )
v. ) Case No. 2020L012789
 )
HEYL TRUCK LINES, INC., and )
DENNIS CALDWELL, )
 )
 Defendants. )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, NIKOLAY PETKOV, by and through his attorneys, LAW OFFICES OF JACOBSON AND TCHERNEV, LTD., and complaining of the Defendants, DENNIS CALDWELL and HEYL TRUCK LINES, INC., pleading hypothetically and, in the alternative, states as follows:

### FACTS

1. Plaintiff, NIKOLAY PETKOV, at all times mentioned, resided, and still resides in Cook County, Illinois.

2. Defendant, DENNIS CALDWELL, hereinafter "CALDWELL", at all times mentioned, resided, and still resides in Tampa Bay, Florida.

3. Defendant, HEYL TRUCK LINES, INC., hereinafter "HEYL", is a foreign corporation with its agent, located in Cook County, Illinois.

4. Defendant, HEYL is a company engaged in over-the-road trucking and cargo transportation that conducts and transacts business, hires employees, and avails itself of the roads and interstates all within the State of Illinois.

1



Scanned with CamScanner

5. That at all times material, Plaintiff was the owner and driver of a 2005 Volvo truck, bearing Illinois license plate number P704329.

6. That at all times material, CALDWELL, was the driver of a 2018 Kenworth truck, bearing license plate number 2682302.

7. That at all times material, HEYL, was the owner of a 2018 Kenworth truck, bearing license plate number 2682302.

8. That on or about June 16, 2020, and at all times relevant, Defendant, CALDWELL, was operating, managing, and/or controlling the truck in the capacity of agent, servant and/or employee of Defendant, HEYL, in the scope of his employment.

9. That on or about June 16, 2020, at approximately 7:17AM, Plaintiff's truck was parked on Tradewater Parkway near the entrance at 6500 Tradewater Parkway in Atlanta, Georgia, with Plaintiff located inside his truck, sleeping in the sleeper compartment of his truck.

10. That on or about the above date and time, Defendant HEYL'S truck, operated by CALDWELL, was also parked, parallel to Plaintiff's truck, on Tradewater Parkway near the entrance at 6500 Tradewater Parkway in Atlanta, Georgia.

11. That on or about the above date and time, Defendant CALDWEL in attempting to operate and maneuver the HEYL truck around Plaintiff's parked truck, struck Plaintiff's truck with great force.

12. That on or about the above date and time, Defendant CALDWELL'S truck became lodged against Plaintiff's truck and CALDWELL in attempting to dislodge his truck and/or trailer, forcefully struck Plaintiff's cab several more times, rocking the cabin on Plaintiff's truck violently from side to side.

2

Scanned with CamScanner

13. That as a result of Defendant's CALDWELL'S actions, Plaintiff was struck on the head repeatedly by the cabin wall and furthermore was caused to fall out of bed, both resulting in injuries to Plaintiff.

## COUNT I
### PETKOV v. CALDWELL – NEGLIGENCE

14. Plaintiff, re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 13 above.

15. That at all times hereto material, it was the duty of the Defendant, CALDWELL, to exercise ordinary care for the safety of the person and property of others then and there upon said roadway, and especially, the Plaintiff, PETKOV, herein.

16. Notwithstanding said duty as heretofore alleged, Defendant, CALDWELL, carelessly and negligently did, or failed to do, one or more of the following acts:

    a. Failed to keep a proper lookout for traffic then and there upon said roadway;

    b. Failed to retain sufficient and proper control over the operation of said vehicle;

    c. Failed to operate said motor vehicle in a reasonably safe manner so as not to cause injury to Plaintiff;

    d. Failed to decrease the speed of said motor vehicle as was necessary to avoid colliding with any person or vehicle on the roadway in compliance with legal requirements and the duty of all persons to use due care;

    e. Came into contact with the side of the Plaintiff's vehicle;

    f. Failed to warn the Plaintiff before the collision;

Scanned with CamScanner

    g. Failed to swerve his vehicle to avoid colliding with the Plaintiff's vehicle;

    h. Failed to maintain a safe distance between Defendant's vehicle and Plaintiff's vehicle; and

    i. Struck Plaintiff's parked vehicle.

17. That by reason of the premises and as a direct and proximate result of the aforesaid careless and negligent acts, or omissions, of Defendant, CALDWELL, Plaintiff, PETKOV, sustained severe and permanent injuries and damages.

18. As a direct and proximate result of the collision, Plaintiff, PETKOV, has incurred, and will in the future continue to incur, medical and hospital expenses, for the treatment of his injuries.

19. As a further direct and proximate result of the aforesaid careless acts and omissions, Plaintiff, PETKOV, experienced pain, suffering, emotional distress, disability, disfigurement, loss of normal life, lost wages and income, and has incurred legal obligations for medical bills, all of which injuries and conditions are permanent in nature.

WHEREFORE, Plaintiff, NIKOLAY PETKOV, requests judgment against the Defendant, DENNIS CALDWELL, in an amount greater than $50,000.00 plus the costs of this action.

## COUNT II
### PETKOV v. HEYL – RESPONDEAT SUPERIOR

20. PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 19 above.

21. That at the aforementioned time and place, Defendant CALDWELL was acting within the scope of his employment duties or under the direction of his principal, Defendant

4

Scanned with CamScanner

HEYL, and in furtherance of the relationship between CALDWELL and HEYL, by operating HEYL's truck in transporting goods on behalf of Defendant, HEYL.

22.   Defendant HEYL, as employer and/or principal of Defendant, CALDWELL, is directly responsible for the acts and/or omissions of its employee and/or agent and pursuant to the doctrine of *respondeat superior* and pursuant to the law of agency HEYL is vicariously liable for the negligent acts and omissions of CALDWELL, described *supra*.

WHEREFORE, Plaintiff, NIKOLAY PETKOV, requests judgment against the Defendant, HEYL TRUCK LINES, INC., in an amount greater than $50,000.00 plus the costs of this action.

## COUNT III
### PETKOV v. CALDWELL – PROPERTY DAMAGE

23.   PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 16 above.

24.   As a direct and proximate result of the aforesaid careless and negligent acts, or omissions, of Defendant, CALDWELL, Plaintiff, PETKOV, sustained damages to his personal property, specifically, Plaintiff's truck.

25.   That as a result of the aforesaid damage to his vehicle, Plaintiff, PETKOV, was unable to use his truck for work, incurred costs in repairing said truck, and lost income while said truck was being repaired.

WHEREFORE, Plaintiff, NIKOLAY PETKOV, requests judgment against the Defendant, DENNIS CALDWELL, in an amount greater than $50,000.00 plus the costs of this action.

Scanned with CamScanner

## COUNT IV
## PETKOV v. HEYL – PROPERTY DAMAGE

26. PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 16 and paragraphs 24 and 25 above.

27. That at the aforementioned time and place, Defendant CALDWELL was acting within the scope of his employment duties or under the direction of his principal, Defendant HEYL, and in furtherance of the relationship between CALDWELL and HEYL, by operating HEYL's truck in transporting goods on behalf of Defendant, HEYL.

28. Defendant HEYL, as employer and/or principal of Defendant, CALDWELL, is directly responsible for the acts and/or omissions of its employee and/or agent and pursuant to the doctrine of *respondeat superior* and pursuant to the law of agency HEYL is vicariously liable for the negligent acts and omissions of CALDWELL, described *supra*.

WHEREFORE, Plaintiff, NIKOLAY PETKOV, requests judgment against the Defendant, HEYL TRUCK LINES, INC., in an amount greater than $50,000.00 plus the costs of this action.

On behalf of the Plaintiff,

*/s/ Steven Jacobson*
Steven Jacobson, Esq.

Law Offices of Jacobson & Tchernev, Ltd.
5201 N. Harlem Ave., 2nd Floor
Chicago, IL 60656
Tel: (312) 669 - 4441
Fax: (708) 667- 0452
*legal@lawjtchicago.com*
Atty. # 49306

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
12/2/2020 9:35 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

11323135

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| NIKOLAY PETKOV, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2020L012789 |
| HEYL TRUCK LINES INC. & DENNIS CALDWELL | ) |
| Defendants. | ) |

## AFFIDAVIT

The undersigned, under oath, and pursuant to 735 ILCS 5/1-109, state that I am an attorney in charge of this case and that the total monetary damages sought in this cause of action exceeds **Fifty Thousand Dollars ($50,000.00)**.

/s/ Steven Jacobson
Steven Jacobson, Esq.
One of the Attorneys for Plaintiffs

Law Offices of Jacobson and Tchernev, Ltd.
5201 N. Harlem 2nd Floor
Chicago, IL 60656
Tel: 312-669-4441
Fax: 708-667-0452
legal@lawjtchicago.com
Atty. # 49306

Scanned with CamScanner